IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHIRLEY LALONDE** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | |
| VS. | § | **CASE NO.: CV-08-69** |
| | § | |
| **PRIVATE EYES INVESTIGATIONS, INC.** | § | |
| | § | |
| **DEFENDANT** | § | |

## COMPLAINT

**COMES NOW** the Plaintiff, SHIRLEY LALONDE by and through the undersigned attorney and states a claim for relief as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter based upon Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 et seq., and 28 U.S.C. § 1331, in that this dispute involves predominant issues of federal law.

2. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

### FACTUAL ALLEGATIONS

3. Plaintiff is a resident of Mobile County, Alabama.

4. Defendant is a debt collector as defined by the FDCPA.

5. On January 2, 2008, Janice Purl, an agent for the Defendant, stated that the Plaintiff owed $4,561.32 on an MBNA America Bank credit card that was opened in 2001.

6. Plaintiff informed the agent that she could not discuss the account at the time and to cease making any further phone calls at her office as her employer disallowed such calls.

7. Defendant acknowledged the Plaintiff's statement and ended the conversation.

8. The next day, January 3, the Plaintiff received three (3) additional phone calls at her place of employment from the same agent of the Defendant, Janice Purl.

9. The Plaintiff informed Defendant once again that she could not take collection calls at her employer and that the Plaintiff would be returning her call to discuss the account at a later time.

10. During the last phone call of the day from the Defendant, the agent became very belligerent and began yelling at the Plaintiff to settle the account.

11. On January 8, 2008, the Plaintiff received another phone call from the same agent of Defendant and again the Plaintiff informed her she could not take any collection calls at her place of employment.

12. Plaintiff informed the Defendant that she would contact her to discuss the account soon and Defendant stated that if a call was not received that further collection activity would take place.

13. The very next day, January 9, Plaintiff received another phone call at her place of employment from the same agent of the Defendant.

14. The agent became belligerent once again with the Plaintiff by yelling at her and stating she was a paralegal which allowed her to call the Plaintiff at any time and day she wanted to.

15. The agent also informed the Plaintiff that she would place a lien on the Plaintiff's property or garnish her wages.

16. Plaintiff became very distraught over this phone conversation and simply hung up the phone.

17. On January 11, 2008, Defendant's agent called again and left a message with Plaintiff's supervisor.

18. On January 15, 2008, Defendant's agent once again called the Plaintiff's employer and left a message with one of her co-workers.

19. That same day, Defendant called Plaintiff's home number and left a message that Defendant intended to serve papers on her in the morning.

20. Plaintiff has not returned any further phone calls and has not received any further communication from the Defendant.

21. Plaintiff has not as of the date of filing this complaint been served with "papers" or any other legal documents concerning any lawsuit brought by the Defendant.

## COUNT ONE
### (FDCPA Violation)

22. The Defendant has violated the FDCPA. The Defendant has presented actions that are:

    a. In a manner to harass, oppress, or abuse the Plaintiff into paying a debt she may have no longer owed;

    b. In violation of the statute by contacting the consumer at her place of employment after the debt collector was placed on notice that the consumer's employer prohibits such communication;

    c. A use of language that the natural consequence of such use is to abuse the Plaintiff into paying a debt she no longer owed;

    d. A false representation or implication that nonpayment of the debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of the Plaintiff and the debt collector or creditor intends to take such action;

    e. A false and deceptive act which violates the FDCPA in other ways not specifically mentioned.

23. Plaintiff is entitled to actual damages, statutory damages, attorney's fees, and costs.

24. Plaintiff alleges said debt with Defendant is a consumer debt pursuant to 15 U.S.C. §1692a(5).

25. As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, and is entitled to an award of statutory damages, costs, and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    a. Actual damages;
    b. Statutory damages pursuant to 15 U.S.C. §1692k;
    c. Costs and reasonable attorney's fee pursuant to 15 U.S.C. §1692k;
    d. For such other and further relief as may be just and proper.

## COUNT TWO
### (Wantonness)

26. Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

27. The actions taken by Defendant in attempting to collect from Plaintiff amounts not owed and the manner in which the collection efforts constitute wantonness. Those actions

were made with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being.  Plaintiff suffered damage as a proximate result of Defendant's wantonness.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (Negligence)

28.    Plaintiff adopts and reasserts each and every allegation in each of the preceding paragraphs.

29.    Defendant at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing her account.  This included the duty to take reasonable measures to ensure that the debts collected against Plaintiff were those actually owed by Plaintiff.  Defendant also owed a duty not to engage in unreasonable collection efforts aimed only at harassing Plaintiff and coercing her to pay even though she disputed the debt.

30.    Defendant breached the duties owed to Plaintiff.  The collection actions taken against Plaintiff and Defendant's management of Plaintiff's account constitute negligence and Plaintiff has been damaged by Defendant's negligent actions.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.


**RESPECTFULLY** submitted on this, the 6th day of February, 2008.

            s/  James D. Patterson
            **JAMES D. PATTERSON (PATTJ6485)**
            **LAW OFFICE OF EARL P. UNDERWOOD**
            **21 South Section Street**
            **PO Box 969**
            **Fairhope AL 36533**
            **251.990.5558**

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

            s/  James D. Patterson, Esq.
            **JAMES D. PATTERSON**

**DEFENDANT PRIVATE EYES INVESTIGATIONS, INC.  TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

**Private Eyes Investigations, Inc.**
**3315 Demetropolis Rd. Suite 302**
**Mobile, Alabama   36693**